IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES R. WARD,

    Plaintiff,

vs.                                                      Civil No. 06-103 WJ/LCS

ANTHONY J. WILLIAMS,

    Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss (Doc. 5). Defendant's motion was filed March 14, 2006. As of April 19, 2006, Plaintiff had not filed a response to the motion. On that date, Defendant filed a Notice of Completion (Doc. 11). In the motion, Defendant requests dismissal of Plaintiff's Complaint for failure to state a claim. Having reviewed Defendant's motion and the Complaint filed in this matter, I conclude that Plaintiff's Complaint in this matter must be dismissed for lack of subject matter jurisdiction. Accordingly, Defendant's motion is granted but on grounds other than those requested, and Plaintiff's Complaint will be dismissed without prejudice.

A federal district court may *sua sponte* question its own subject matter jurisdiction. Davis ex rel. Davis v. U.S., 343 F.3d 1282, 1295 (10th Cir. 2003); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (empahsis added). The party invoking the jurisdiction of the federal court bears the burden of establishing jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005).

Plaintiff's complaint was originally filed in this Court.  Accordingly, he has invoked the jurisdiction of the Court and bears the burden of establishing jurisdiction.  Under Fed. R. Civ. P. 8, a complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Plaintiff's Complaint is a form complaint provided by the Court for *pro se* litigants filing causes of action under 42 U.S.C. § 1983.  In the jurisdiction section of the Complaint, Plaintiff alleges that both Plaintiff and Defendant are citizens of the State of New Mexico.  Thus, it is obvious that federal subject matter jurisdiction is not based on diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff checked "Yes" next to the question on the Complaint whether the Defendant acted under color of state law.  In explanation of this, Plaintiff wrote that Defendant is an attorney.  Thus, in attempting to fill in blanks on a form Complaint, Plaintiff has alleged that Defendant was acting under color of state law because he is an attorney.  The factual allegations in the Complaint are that Defendant, an attorney, failed to provide services as requested because he failed to obtain a driver's license for Plaintiff.  The Complaint also alleges something with regard to a conservatorship of Plaintiff.  The face of the Complaint alleges jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

"The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983."  Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005).  Plaintiff does not allege any facts suggesting that Defendant conspired with any state actor, and it is clear from the factual and legal allegations that Plaintiff does not suggest that Defendant conspired with any state actor.  See id.  The Court may dismiss Plaintiff's complaint when it obvious that allowing Plaintiff to amend his complaint would be futile.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  Plaintiff's Complaint clearly

2

alleges violations of state law and does not allege any violation of federal law.  It is also clear that Plaintiff could not amend his complaint to allege any violation of federal civil rights law, and, thus, any such amendment would be futile.  To the extent that Plaintiff has a valid claim or claims against Defendant, any such claims must be brought in state court, as there is no jurisdictional basis for any such claims in federal court.  Accordingly, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  Such dismissal is without prejudice.

    IT IS THEREFORE ORDERED that Plaintiff's Complaint and cause of action are hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE